IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                                      No. 4:19-cr-562 JM

LEKIESHA CUMMINGS

## ORDER

Pending is Defendant's motion to suppress any evidence or testimony regarding controlled substances or other contraband, including cash, recovered after the traffic stop of her vehicle, as well as any incriminating statements made by Defendant during the traffic stop (Doc. No. 17). A hearing was held on the motion on September 17, 2020, and thereafter the parties filed supplemental briefs. After consideration of the pre- and post-hearing briefs and the evidence presented at the hearing, the motion to suppress is denied.

On September 9, 2018, Officer Marcus Perez of the North Little Rock Police Department initiated a traffic stop with Defendant, who was driving her 1999 GMC Jimmy traveling northbound on Pike Avenue. The officer's dashcam recording system was activated prior to Defendant pulling over her vehicle in response to the cruiser's lights. According to his police report and his testimony at the hearing, Officer Perez observed Defendant commit two traffic violations before he pulled her over—driving without a seatbelt (Ark. Code Ann. § 27-37-702) and driving without a rearview mirror (Ark. Code Ann. 27-37-305)—and issued her a citation for both violations.

While standing at the open driver's side window waiting for Defendant to provide her identification, vehicle registration, and proof of insurance, Officer Perez smelled marijuana coming from the vehicle. NLRPD Officer Tyler Barber also stopped to provide support; he also

smelled marijuana.  When Barber asked Defendant about the smell, she offered that she had smoked marijuana two hours earlier.  A search of the vehicle and of the contents of Defendant's pockets resulted in the recovery of 489.1 grams of methamphetamine in a clear gallon bag, 25.4 grams of marijuana in a baggie, a digital scale, approximately $4,897 in cash, and several empty baggies.

"Under the Fourth Amendment, a traffic stop is reasonable if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred." *United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006). "Even a minor traffic violation provides probable cause for a traffic stop." *United States v. Green*, 946 F.3d 433, 438 (8th Cir. 2019) (quoting *United States v. Harris*, 617 F.3d 977, 979 (8th Cir. 2010)).

The Court finds Officer Perez's testimony regarding his observations of the two traffic violations credible and finds his testimony is supported by the dashcam video (ECF 20) introduced in the government's response and at the hearing.  Regarding the seatbelt violation, it is apparent from the video that no seatbelt strap is visible running from the side of the car across to the driver's seat occupied by Defendant during the time that Officer Perez is following the vehicle.  This alone is enough to support the traffic stop.

Likewise, there is no rearview mirror visible in the video.  The photograph of Defendant's vehicle that she introduced as Exhibit 1 to the hearing does show that at some point the vehicle had a rearview mirror, as does the affidavit from the man who sold her the vehicle in 2017 (Defendant's hearing Exhibit 2).  Comparing the photograph to the video, the Court finds that had that rearview mirror been attached to the windshield at the time of the traffic stop in question, it was low enough that it would have been visible on the video had it been present.

Defendant also asserts that in she did, in fact, have a "rearview" mirror, arguing that the passenger side mirror (there was no side mirror on the driver's side) counts as a "rearview" mirror. The Court disagrees. Pursuant to Ark. Code Ann. 27-37-305 (Mirrors and reflectors):

(a) Every motor vehicle shall be equipped with a rearview mirror.

(b) Every motor vehicle which is so constructed or loaded as to obstruct the driver's view to the rear thereof from the driver's position shall be equipped with a mirror located so as to reflect to the driver a view of the highway for a distance of at least two hundred feet (200') to the rear of the vehicle.

According to the plain language of the statute, it is only when the vehicle is constructed or loaded in a way that obstructs the view to the rear, as would be seen in cargo vans without rear windows or vehicles packed with cargo so that the rear window is obstructed, that the statute mentions the requirement of a different mirror in subparagraph (b). Furthermore, the Court finds that any mistake of law, if there was one, was objectively reasonable. *United States v. Burnside*, 795 F. App'x 475, 476 (8th Cir. 2020) (citing *Heien v. North Carolina*, 574 U.S. 54, 60-61 (2014)).

Defendant argues that the video is "extremely suspicious" because it didn't start recording immediately upon Officer Perez's noting the violations and only "conveniently begins" once Officer Perez is stopped behind Defendant at a traffic light. (Doc. No. 23, ¶ 20). The Court disagrees. Whether the initial seconds of Officer Perez's observations of the traffic violations were caught on video, those initial seconds were not "the most relevant portion of the footage" as Defendant argues. As discussed above, the violations are captured on the existing video.

Likewise, Defendant attempts to discredit Officer Perez's testimony in light of the exchanges he and Officer Barber had once the drugs, cash, baggies, and a scale were discovered. The Court disagrees that these exchanges support a finding that Officer Perez was motivated to

fabricate his testimony regarding the basis for the traffic stop and finds that they did not diminish the weight of his testimony about what he observed when he decided to initiate the traffic stop.

The officer's credible observation of these two traffic violations, or one or the other of them, provide sufficient probable cause to initiate a traffic stop. The motion to suppress (Docket No. 17) is DENIED.

IT IS SO ORDERED this 28th day of September, 2020.

*[signature]*
James M. Moody Jr.
United States District Judge